**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK DIVISION**

WALTER WURSTER,

               Plaintiff,

v.                                           Case No.

TRANS UNION, LLC,

               Defendant.

## COMPLAINT

    NOW COMES Plaintiff, WALTER WURSTER ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendant TRANS UNION, LLC ("TRANS UNION" or "Defendant"):

### Nature of the Action

1.    This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### Parties

2.    Plaintiff is a natural person at all times relevant residing in Morris County, in the City of Landing, in the State of New Jersey.

3.    At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4.    Defendant TRANS UNION is a corporation conducting business in the State of

New Jersey and is headquartered in Chicago, Illinois.

5.      Defendant TRANS UNION is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

6.      Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7.      Defendant TRANS UNION furnishes such consumer reports to third parties under contract for monetary compensation.

8.      Defendant TRANS UNION is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9.      At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### Jurisdiction and Venue

10.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11.     Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of the property that is the subject of the action is situated within this District.

### Facts

12.     Plaintiff is a consumer who is the victim of inaccurate reporting by TRANS UNION regarding a credit account that he had with Discover Bank, N.A. ("Discover").

13.     Discover employed Selip & Stylianou, LLP ("Selip & Stylianou") to enter into an agreement with Plaintiff to settle the credit account with Discover. Upon information and belief, Selip & Stylianou operated as an agent of Discover.

14.     CRAs, including TRANS UNION, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

15.     Further, CRAs have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

16.     Further, Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) are prohibited from furnishing information they know or should know is inaccurate.

17.     Here, Plaintiff is a victim of inaccurate reporting regarding an account he had with Discover, an inaccuracy found in the credit report published by Defendant. The following is a description of the inaccuracy and failures of Defendant to investigate and update its reporting of the account in question:

18.     On or about August 30, 2021, Plaintiff and Selip & Stylianou entered into an agreement to settle an account ending in 3633 (the "Account") for $7,485.00.

19.     Per the terms of the settlement agreement, Plaintiff made one (1) payment of $100.00, four (4) payments of $400.00, and five (5) payments of $1,157.00, with the last and final payment on June 3, 2022, fully satisfying the settlement agreement and Account.

20.     On April 25, 2024, Plaintiff received a copy of his credit report from TRANS UNION.

/ / /

21.     To his surprise, despite Plaintiff's performance under the terms of the settlement agreement with Selip & Stylianou, Defendant TRANS UNION reported inaccurate information regarding Plaintiff's Account with Discover.

22.     Specifically, TRANS UNION reported the Account's rating as "C/O" ("C/O" meaning "Charged off by account provider" according to TRANS UNION) in January 2024 even though the Account was paid and settled in June 2022. Further, the report failed to include an accurate history of the payments Plaintiff made to settle the Account.

23.     TRANS UNION's failure to report the Account correctly, including its failure to report the accurate status and accurate payment history of the Account, harmed Plaintiff's credit score and would, at the least, mislead any third party reviewing Plaintiff's credit history.

24.     On April 30, 2024, Plaintiff issued a dispute by mail to TRANS UNION regarding the incorrect information being reported on the Account.

25.     In his dispute letter, Plaintiff disputed the incorrect entry in his credit report regarding the Account rating and the inaccurate payment history that improperly reflects his settlement payments. Plaintiff also included proof of the agreement between himself and Selip & Stylianou and proof of the payments made in satisfaction of the agreement.

26.     Upon information and belief, pursuant to its obligations under the FCRA, TRANS UNION notified Discover of Plaintiff's dispute within five days of receipt of the dispute.

27.     Further, upon information and belief, TRANS UNION would have sent the documentation Plaintiff included in his dispute letter to Discover, including the terms of the settlement and proof of the payments.

28.     Despite his very specific dispute and accompanying documents supporting his dispute, TRANS UNION's second report, received by Plaintiff on July 18, 2024, reiterated the same inaccuracies. This credit report continued to report the Account rating as "C/O" in January 2024 with no change in the reported payment history.

29.     At the time of filing this complaint, TRANS UNION continues to inaccurately report the Account rating and inaccurately reports the payment history of the account.

30.     Upon information and belief, TRANS UNION continues to report this information because of its failure to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in his dispute letter.

31.     Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, TRANS UNION is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

32.     If TRANS UNION had complied with its statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

33.     As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

34.     Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

35.     Because of his concern over the effects Defendant's misreporting has had on his credit, Plaintiff has been unable to apply for or obtain financing to purchase a car or house, despite the fact that Plaintiff has had the financial means to do both.

## COUNT I – TRANS UNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

36.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37.    After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

38.    TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

39.    As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40.    TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41.    In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

42.    Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANS UNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

43.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

44.     After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

45.     Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

46.     As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47.     TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48.     In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

49.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.


Dated: 02/28/2025                    Respectfully submitted,

                                         */s/ Christopher Higgins*
                                         Christopher Higgins
                                         **Gator Law, P.C.**
                                         2 N. Central Avenue, Suite 1800
                                         Phoenix, AZ 85004
                                         T: (385) 324-5471
                                         E: attorneys@gatorlawpc.com

                                         **Attorneys for Plaintiff,**
                                         **WALTER WURSTER**